**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEVEN BERKLEY HAISLIP,

    Petitioner,                      Civil No. 2:07-CV-12781
                                            HONORABLE BERNARD A. FRIEDMAN
v.                                       UNITED STATES DISTRICT JUDGE

TOM BELL,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, A CERTIFICATE OF APPEALABILITY, AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Steven Berkley Haislip, ("Petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence for five counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(a); and one count of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a). For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F. 3d 410,

1

413 (6th Cir. 2009):

> This case arises from allegations of sexual abuse by defendant of his minor stepdaughter. At trial, the victim testified that defendant had, on a weekly or monthly basis over the course of two years, come into her bedroom at night and placed his finger into her vagina. The victim also recalled defendant having attempted on two occasions to penetrate her vagina with his penis, and having more than twice also engaged in cunnilingus.
>
> *People v. Haislip,* No. 259464, * 1 (Mich.Ct.App. June 20, 2006).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 477 Mich. 917, 722 N.W.2d 872 (2006).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY REFUSING TO GRANT A MISTRIAL WHERE THE PROSECUTOR ELICITED TESTIMONY FROM THE COMPLAINANT THAT APPELLANT HAD ALSO COMMITTED OTHER UNCHARGED ACTS OF CRIMINAL SEXUAL CONDUCT WHICH AMOUNTED TO IRRELEVANT AND UNFAIRLY PREJUDICIAL OTHER ACTS EVIDENCE.

II. THE PROSECUTOR VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS RIGHTS TO A FAIR TRIAL WHEN SHE IMPROPERLY VOUCHED FOR CREDIBILITY OF THE COMPLAINING WITNESS DURING HER CLOSING ARGUMENT.

III. APPELLANT WAS DENIED HIS RIGHT TO BE SENTENCED BY THE JUDGE WHO PRESIDED OVER HIS TRIAL. HE DID NOT WAIVE THE RIGHT, AND THE TRIAL JUDGE WAS (AND IS) REASONABLY AVAILABLE FOR SENTENCING.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the merits
> in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or
>> involved an unreasonable application of, clearly
>> established Federal law, as determined by the
>> Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an
>> unreasonable determination of the facts in light of the
>> evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claim # 1. The denial of mistrial claim.**

Petitioner first contends that the trial court judge violated his right to due process when he refused to grant a mistrial after the prosecutor elicited

3

testimony from the victim concerning other uncharged acts of criminal sexual conduct involving petitioner. Petitioner claims that this evidence was irrelevant, highly prejudicial, and inadmissible under M.R.E. 404(b), because it was admitted only to show that petitioner had the propensity to engage in sexual misconduct.

The Michigan Court of Appeals ruled that evidence that petitioner engaged in uncharged sexual acts with the victim on a weekly or monthly basis over the course of two years was admissible under Michigan law to lend credibility to the victim's testimony, because it provided the jury with a necessary explanation for the vagueness of the victim's testimony detailing the charged acts of criminal sexual conduct. *Haislip,* Slip. Op. at * 2.

A trial court has the discretion to grant or deny a motion for mistrial in the absence of a showing of manifest necessity. *Walls v. Konteh,* 490 F. 3d 432, 436 (6th Cir. 2007); *Clemmons v. Sowders*, 34 F 3d 352, 354-55 (6th Cir. 1994).

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting evidence of the uncharged criminal sexual acts is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Likewise, petitioner's claim that this evidence was irrelevant does not raise due process issues of constitutional magnitude or entitle him to habeas corpus relief. *See Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978). Finally, appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The prosecutorial misconduct claim.**

Petitioner next claims that the prosecutor improperly vouched for the credibility of the victim. Respondent contends that this claim is procedurally defaulted because petitioner failed to object to the prosecutor's comments at

trial.

The Michigan Court of Appeals held that because petitioner failed to object to the prosecutor's allegedly improper argument, the issue would be reviewed only for plain error. *Haislip,* Slip. Op. at 2. The Michigan Court of Appeals further concluded that the prosecutor did not engage in improper vouching, because the prosecutor based her argument that the victim was credible on the evidence presented at trial. *Id.* at * 3.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513

6

U.S. 298, 324 (1995).

In this case, the Michigan Court of Appeals clearly indicated that by failing to object to the prosecutor's remarks, petitioner had failed to preserve his prosecutorial misconduct claim. The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's claim does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F. 3d at 557. Instead, this court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). Moreover, a federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits, as the Michigan Court of Appeals did in this case. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Petitioner's second claim is therefore procedurally defaulted.

In the present case, petitioner has offered no reasons for his failure to preserve his second claim. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533; *Rowls v. Jamrog,* 193 F. Supp. 2d 1016, 1026 (E.D. Mich. 2002).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his

7

claim as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review petitioner's prosecutorial misconduct claim on the merits. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 654 (E.D. Mich. 2002).

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claim would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the Michigan Court of Appeals in rejecting petitioner's claim on his direct appeal, petitioner has failed to show that his prosecutorial misconduct claim has any merit. Petitioner is not entitled to relief on his second claim.

**C. Claim # 3. The sentencing claim.**

Petitioner lastly claims that he was denied his right to be sentenced by the same judge who presided over his trial.

A state criminal defendant has no federal constitutional right to be sentenced by the same judge who presided over his trial. *See U.S. ex rel. Fields v. Fitzpatrick,* 548 F. 2d 105, 107-08 (3rd Cir. 1977). Petitioner is not entitled to habeas relief on his third claim.

8

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

        S/Bernard A. Friedman_____
        **HON. BERNARD A. FRIEDMAN**
        UNITED STATES DISTRICT JUDGE

DATED: June 11, 2010